# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1231V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| ADWOA AMPOFO-ADDO, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: February 27, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 16, 2021, Adwoa Ampofo-Addo filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner originally alleged that her receipt of the measles-mumps-rubella ("MMR") and varicella vaccines on April 24, 2018, caused her to suffer encephalopathy, as defined by the Vaccine Injury Table. On July 16, 2024, Petitioner filed a second amended petition, alleging now that receipt of her April 17, 2018, tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination and April 24, 2018, MMR and varicella vaccines caused her to suffer "MOGAD," and/or MOG positive ADEM. *See* Amended Petition, dated July 31, 2024 (ECF No. 41). A two-day Entitlement Hearing was held in Washington, D.C. on November 12, 2024, and the matter is still pending resolution.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Dec. 27, 2024 (ECF No. 60) ("Interim Fees Mot."); Supplemental Motion, dated Feb. 13, 2025 (ECF No. 64) ("Supp. Interim Fees Mot."). It is the first fees request in this case. Petitioner requests a total of $243,176.26 in attorney's fees and costs (reflecting $149,546.10 in fees, plus $93,630.16 in costs) for the work of attorneys and paralegals at Muller Brazil, LLP, through the date of hearing. Interim Fees Mot. at 2; Supp. Interim Fees Mot. at 2. Respondent reacted to the fees request on January 7, 2025. *See* Response, dated Jan. 7, 2025 (ECF No. 61) ("Resp."). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$181,301.26**. I defer resolution of the unawarded portion of expert costs to the case's ultimate conclusion.

## ANALYSIS

**I.    Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

significant in resolving interim award requests have been met. This matter has been pending for several years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to permit fees after a hearing is held, given the expense of such an effort. And no other circumstances exist that make an interim award inappropriate.

**II.     Calculation of Fees**

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Leigh Finfer (Attorney)** | -- | -- | -- | -- | $300.00 | $350.00 |
| **Maximillian J. Muller (Attorney)** | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 | $475.00 |
| **Amy Senerth (Attorney)** | -- | -- | -- | -- | -- | -- |
| **Stacie Bole (Paralegal)** | $125.00 | $125.00 | $125.00 | -- | -- | -- |
| **Stacey Bowman (Paralegal)** | $125.00 | $125.00 | -- | -- | -- | -- |
| **Kevin Kull (Paralegal)** | -- | $125.00 | -- | -- | -- | -- |
| **Megan McNicholas** | $125.00 | $125.00 | -- | -- | -- | -- |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| (Paralegal) | | | | | | |
| **Erik Pavlacsek** (Paralegal) | -- | $125.00 | $125.00 | $140.00 | $140.00 | $170.00 |
| **Tereza Pavlacsek** (Paralegal) | -- | $160.00 | $160.00 | $177.00 | $177.00 | $177.00 |
| **Ginny Schaffer** (Paralegal) | $125.00 | -- | -- | -- | -- | -- |
| **Marcela Senerth** (Paralegal) | -- | $125.00 | $125.00 | -- | -- | -- |
| **Katy Yoos** (RN/Paralegal) | -- | -- | -- | $165.00 | $165.00 | -- |

Interim Fees Mot. at 7–25; Supp. Interim Fees Mot. at 5–6.

Mr. Muller and his colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," entitling them to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested for Mr. Muller and his colleagues (including newly requested 2025 rates) are also consistent with what has previously been awarded, based on the attorneys' work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[5] *Hock v. Sec'y of Health & Hum. Servs.*, No. 21-945V, 2024 WL 5349129, at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $93,630.16 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, travel expenses, plus costs associated with the work of two experts, Syed Rizvi, M.D., and Omid Akbari, Ph.D. Interim Fees Mot. at 26; Supp. Interim Fees Mot. at 8–9. Dr. Rizvi prepared two written reports in this case and traveled to testify at hearing. He

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 27, 2025).

submitted three invoices, reflecting a total amount of $20,921.79 (22.5 hours of work at $500.00 per hour, plus a flat $4,000.00 per day rate for two days of court appearances, as well as expenses for travel). Interim Fees Mot. at 58, 59, 66. Although I do not typically permit experts flat rates for their work, the requested rate herein is equivalent to an hourly rate of $500.00 for two days of hearing testimony (approximately eight hours per day).

Dr. Akbari also prepared two written reports in this case and testified remotely on behalf of Petitioner. He submitted three invoices reflecting a total amount of $61,875.00 (112.50 of work billed at $550.00 per hour). Interim Fees Mot. at 56–57, 62–65. Although I am mindful of the financial burdens associated with expert retention, I deem it premature to award costs for Dr. Akbari's work at this stage of the matter. These costs appear relatively high, and may prove not to be warranted in full. However, I cannot assess whether they were reasonably incurred (or even if the opinion he offered was helpful to the claim's resolution) until I have decided the case fully. Accordingly, judicial economy compels me to hold these side issues for later in the case, when they are less likely to distract me from determining the claim's underlying merits.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs. Petitioner is awarded a total amount of **$181,301.26**, reflecting $149,546.10 in attorney's fees and $31,755.16 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.