# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1231V

* * * * * * * * * * * * * * * * * * * * * * * *

ADWOA AMPOFO-ADDO,

        Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Filed: December 17, 2025

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 16, 2021, Adwoa Ampofo-Addo filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that her receipt of a tetanus, diphtheria, and acellular pertussis vaccine on April 17, 2018, as well as measles-mumps-rubella and varicella vaccines administered on April 24, 2018, caused her to suffer myelin oligodendrocyte glycoprotein antibody-associated disease ("MOGAD"), and/or MOG-positive acute disseminated encephalomyelitis. *See* Amended Petition, dated July 31, 2024 (ECF No. 41). A two-day hearing was held on November 12, 2024, and I subsequently issued a decision denying entitlement. Decision, dated July 31, 2025 (ECF No. 69).

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

Petitioner previously obtained an interim award of fees and costs after the hearing, although I deferred ruling on costs related to her expert, Omid Akbari, Ph.D. Motion for Interim Attorney's Fees and Costs, dated Dec. 27, 2024 (ECF No. 60) ("Interim Fees Mot."); Interim Fees Decision, dated Feb. 27, 2025 (ECF No. 65). Petitioner has now sought her final award of fees and costs, seeking compensation for expenses incurred since filing her Interim Fee Request plus Dr. Akbari's total fees and costs for his work on the matter. Final Application for Attorney's Fees and Costs, dated Oct. 21, 2025 (ECF No. 73) ("Final Fees Mot."). In total, Petitioner is seeking $66,211.00, comprised of $4,336.00 in attorney's fees and $61,875.00 in costs.

Respondent reacted to the fees request on November 4, 2025. *See* Response, dated Nov. 4, 2025 (ECF No. 74) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2, 9. Petitioners elected to not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioners' motion in part, awarding fees and costs in the total amount of **$49,336.00**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the

2

finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Although Petitioner's claim was ultimately unsuccessful, I find that there was sufficient objective basis to entitle her to a fees and costs award. There was record evidence that Petitioner experienced a variety of symptoms after the relevant vaccines. In addition, theories that an individual's MOGAD could have been vaccine-caused are very much legitimate; the Program certainly has not at this point reached a consensus on the validity of this particular vaccine injury. I also note that I previously awarded interim fees based upon the claim, and nothing from a fact standpoint changed in the matter as it proceeded that would justify a finding that reasonable basis ceased to exist once the matter was fully resolved.

Thus (and in light of the exceedingly lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

### A.   Hourly Rates

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

|  | **Max Muller (Attorney)** | **Erik Pavlacsek (Paralegal)** | **Tereza Pavlacsek (Paralegal)** | **Alexandria Munoz (Paralegal)** |
|---|---|---|---|---|
| **2025 Rate** | $475.00 | $170.00 | $180.00 | $125.00 |

Final Fees. Mot. at 7.

Mr. Muller and his colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," entitling them to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested for Mr. Muller and his colleagues (including newly requested 2025 rates) are also consistent with what has previously been awarded, based on the attorneys' work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[3] *Hock v. Sec'y of Health & Hum. Servs.*, No. 21-945V, 2024 WL 5349129, at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002). Reasonable costs include the costs of obtaining medical records and expert

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Dec. 16, 2025).

time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The sole cost element to be resolved is what reimbursement should be provided for the work of Dr. Akbari. Petitioner requests $61,875.00, reflecting 112.5 hours of work performed by Dr. Akbari at a rate of $550.00 per hour. Final Fees Mot. at 10–15. Dr. Akbari has, however, been consistently been awarded a rate of $500.00 per hour for his work in the Vaccine Program. *See, e.g.*, *Cogan v. Sec'y of Health & Hum. Servs.*, No. 21-1847V, 2025 WL 2505545, at *5 (Fed. Cl. Spec. Mstr. July 24, 2025) (reducing Dr. Akbari's hourly rate to $500 an hour based after listing cases in which Dr. Akbari has previously been awarded $500.00 per hour). While I am not averse in future cases to awarding Dr. Akbari a higher hourly rate, the work he performed on this matter occurred while his rate was lower. Accordingly, the rate to be awarded herein will be reduced to $500.00 per hour.

Additionally, I find that a reduction in hours is necessary. Fees for experts are subject to the same reasonableness standard as fees for attorneys. *See Baker v. Sec'y of Health & Hum. Servs.*, 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005); *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). And my review of the billing records lead me to conclude that some of the time spent on this case by Dr. Akbari was excessive, and hence unreasonable.

In particular, Dr. Akbari has billed 112.5 hours for work devoted to this case. *See* Final Fees Mot. at 10–15. This includes time spent downloading exhibits and references, preparing billing statements, and reviewing medical literature, among other things. *See* Final Fees Mot. at 10–15. But several of Dr. Akbari's billing entries are for administrative tasks, which are not compensable in the Vaccine Program. For example, Dr. Akbari billed roughly 9 hours of administrative tasks like downloading and highlighting PDFs, submitting his report, and preparing his statement of hours.[4] Dr. Akbari has previously been warned against billing for such tasks and has had his hours reduced for such offenses. *See e.g., Cogan,* 2025 WL 2505545, at *6; *Williams v. Sec'y of Health & Hum. Servs.*, No. 19-1269V, 2024 WL 1253768, at *4 (Fed. Cl. Spec. Mstr. Feb. 28, 2024); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *6 (Fed. Cl. Spec. Mstr. Feb 23, 2022).

More broadly, Dr. Akbari's hours are excessive for the work performed in this case. An expert may be compensated only for the number of hours reasonably expended. *King v. Sec'y of*

---

[4] See billing entries dated: 9/24/2023; 9/27/2023; 9/29/2023; 10/3/2023; 5/15/2024; 5/16/2024; 11/10/2024.

*Health & Hum. Servs.*, No. 03-584V, 2010 WL 5470787, at *4 (Fed. Cl. Spec. Mstr. Dec. 13, 2010) (indicating that counsel had a "duty to 'monitor the expert's overall fees to ensure that the fees remain reasonable."); *Griffin & Dickson v. United States*, 21 Cl. Ct. 1, 11 (1990) ("[t]he special master is within his discretion in reducing hours that are duplicative, padded, spent on unrelated matters, or not 'reasonably expended.'"). Other special masters have also previously reduced Dr. Akbari's hours for excessive time spent reviewing medical literature. *See Walters*, 2021 WL 3928993, at *7–8 (deducting 20% of Dr. Akbari's billed hours for excessive time spent reviewing medical literature); *Reinhardt v. Sec'y of Health & Hum. Servs.*, No 17-1257V, 2021 WL 2373818, at *5 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (deducting 20% of Dr. Akbari's billed hours for excessive time spent). Dr. Akbari billed 43.3 hours for reviewing literature.[5]

Here, the kind of "rough justice" that is appropriate when rendering fees decisions in the Vaccine Program counsels me to make a single, across-the-board percentage reduction. deduct Dr. Akbari's requested time by 20%, for a total reduction of 22.5 hours.[6] With Dr. Akbari's reduction in hours and hourly rate taken into consideration, I will award a total of $45,000.00 for costs associated with Dr. Akbari's work on this case.[7]

## CONCLUSION

Based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Final Award of Attorney's Fees and Costs. Petitioner is awarded a total amount of **$49,336.00**, reflecting $4,336.00 in attorney's fees and $45,000.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] See billing entries dated: 08/19/2023; 08/21/2023–08/23/2023; 09/2/2023; 09/5/2023; 09/9/2023; 09/12/2023; 4/11/2024; 4/15/2024; 4/17/2024; 4/19/2024; 4/22/2024; 4/24/2024; 4/27/2024; 4/29/2024.

[6] Calculated by: 112.5 hours x (20% ÷ 100) = 90 hours

[7] Calculated by: 90 hours x $500/hour = $45,000.00

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.